## TABLE OF CONTENTS

Table of Contents…..………………………………………………………………….I

Table of Authorities………..…………………………………………………………..II

Plaintiff's Memorandum in Support of Motion to Remand…………………..……1

Evidence Relied Upon by Plaintiffs……………………………………………………1

Statement of Facts…..………………………………………...………………………1-5

Applicable Law ………………………………………..……………………………6-8

Analysis and Argument………………………………..……………………………8-12

    I.     DoorDash has not met its burden of demonstrating Diversity of citizenship in this matter………………………………………………………………..8-11

          a.  Mr. Webb admitted to being a domiciliary of Louisiana when this lawsuit was filed ………………….....…………………………………………..8-9

          b.  The Object Facts establish that Mr. Webb 1) Physically Resides in Louisiana, and 2) Intends to Remain in Louisiana Indefinitely………………..9-11

    II.    Even if this Court were to find that the facts weigh in favor of Mr. Webb's status as an Illinois domiciliary, DoorDash was served with discovery documents from which it could have ascertained this case was removable on July 1, 2025. As such, DoorDash's Notice of Removal is Untimely……………………………..11-12

Conclusion……………………………………………………………………………12

Certificate of Service……………………………………………………………….13

# **TABLE OF AUTHORITIES**

**Cases:**

*Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F. 3d 444 (5th Cir. 2003)……7

*Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000)……………………………….6

*Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000)……………………..….6

*Bosky v. Kroger Tex., LP*, 288 F.3d 208 (5th Cir. 2002)…………………………………..6

*Combee v. Shell Oil Co.*, 615 F.2d 698 (5th Cir. 1980)……………………………………7

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996)……………………………………………...7, 8

*Creel v. Johnson*, 2018 WL1722390 (W.D. La. 3/12/2018)………………………………8

*Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985)……………..…...7

*Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636 (5th Cir. 2003)…………………………6

*Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007)…………………..….6

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001)…………………………….…..6

*Jeanmarie v. Indian Harbor Insurance Co. and Lyft Inc.*, 603 F.Supp.3d 364 (E.D. La. 2022)…………………………………………………………………………………..11, 12

*Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994)…………………………..6

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002)……………..6, 7

**Statutes:**

28 U.S.C. §1332………………………..………………………………………………..6

28 U.S.C. §1441………………..………………………………………………………..6

28 U.S.C. §1446………………..………………………………………………………11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JA'KHURT FOWLER** | * | **CIVIL ACTION NO. 2:25-cv-01350** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE DAVID C. JOSEPH** |
| | * | |
| **DOORDASH, INC. AND** | * | |
| **CHRISTOPHER WEBB** | * | **MAGISTRATE THOMAS P. LEBLANC** |

### MEMORANDUM IN SUPPORT TO PLAINTIFF'S MOTION TO REMAND

MAY IT PLEASE THE COURT:

Plaintiff, **Ja'Khurt Fowler**, submits the following memorandum in support of his Motion to Remand:

**Evidence Relied Upon by Plaintiff:**

EXHIBIT A— Answer to Petition filed by Christopher Webb on March 7, 2025.

EXHIBIT B— Christopher Webb's Responses to plaintiff's Discovery Requests.

EXHIBIT C— Deposition of Christopher Webb.

EXHIBIT D In-Globo — Notice of Failure to Serve and Request for Re-issue of Service.

**Statement of Facts:**

The following is a timeline of all relevant events which is the basis for this motion:

| | | |
|---|---|---|
| **November 15, 2024** | - | **Plaintiff's Petition for Damages was filed in 14th JDC.** |
| **February 17, 2025** | - | **DoorDash filed Responsive Pleadings.** |
| **March 7, 2025** | - | **Christopher Webb filed Responsive Pleadings.** |
| **July 1, 2025** | - | **Christopher Webb serves all parties with responses to Mr. Fowler's discovery requests.** |

1

**August 13, 2025**   -   Christopher Webb's deposition was conducted.

**September 11, 2025** -   DoorDash files a Notice of Removal in Federal Court.

This lawsuit stems from a motor vehicle crash that occurred on January 27, 2024, in Lake Charles, Calcasieu Parish, Louisiana. The two drivers involved in the crash were Ja'Khurt Fowler and Christopher Webb. At the time of the crash, Mr. Webb was in the process of making a delivery for DoorDash. A Petition for Damages was filed on Mr. Fowler's behalf against DoorDash and Mr. Webb on November 15, 2024, in the 14th Judicial District Court, Division "D", in Calcasieu Parish, Louisiana. Mr. Fowler propounded discovery requests to both DoorDash and Mr. Webb, which were also filed along with the Petition on November 15, 2024. DoorDash was served with the Petition and discovery requests on December 6, 2024. DoorDash subsequently filed responsive pleadings in the 14th Judicial District Court on February 17, 2025, which did not include any Notice of Removal.

Initially in his Petition, Mr. Fowler requested service of the pleading, along with the propounded discovery requests, be made on Mr. Webb be made at 3136 Crest Ln., Lake Charles, Louisiana 70607. However, Mr. Fowler subsequently received Notice that service was unable to be made on Mr. Webb at that location because Mr. Webb was unable to be located.[1] Mr. Fowler then requested service be re-issued to Mr. Webb at 380 White Oak Drive, Lake Charles, Louisiana 70611.[2] However, Mr. Fowler again received Notice that service was unable to be made on Mr. Webb at that location because Mr. Webb was unable to be located.[3] At that point, undersigned counsel investigated and discovered that Mr. Webb had previously maintained addresses in the State of Illinois, at which point, Mr. Fowler requested that service be attempted on Mr. Webb at

---

[1] Exhibit D In-Globo at "D-1".
[2] *Id.* at "D-2".
[3] *Id.* at "D-3".

2

each of those addresses via the Louisiana Long-Arm Statute. Mr. Fowler subsequently filed Affidavits of Service via Louisiana Long-Arm Statute with the 14th Judicial District Court on January 24, 2025. At this point, Mr. Fowler did not know whether service had been perfected on Webb despite numerous attempts, nor did Mr. Fowler know the proper domicile of Mr. Webb.

On March 7, 2025, Mr. Webb filed responsive pleadings to Mr. Fowler's Petition in the 14th Judicial District Court. <u>In his Answer, Mr. Webb specifically admits that he is domiciled in the State of Louisiana</u>:

II.

The allegations contained in Paragraph 2 of the Petition for Damages are denied <mark>except to admit that Defendant, Christopher Webb, is a person of the full age of majority and domiciled in the Parish of Calcasieu, State of Louisiana.</mark>[4]

Mr. Webb's responsive pleadings did not include any Notice of Removal. Furthermore, Mr. Webb has not amended his Answer to this date.

On July 1, 2025, Mr. Webb provided responses to Mr. Fowler's discovery requests that were originally filed with his Petition, a copy of which were served on both Mr. Fowler and DoorDash.[5] In Mr. Webb's responses, he stated that he resides at 3136 Crest Lane, Lake Charles, Louisiana 70607.[6] In said responses, Mr. Webb also provided: a copy of his current Driver's License, which was issued in the State of Illinois[7]; a copy of the applicable crash report showing his vehicle was registered in the State of Illinois[8]; and stated his current cell phone number having a 309 area code[9], which is an area code of the State of Illinois.

---

[4] Exhibit A at par. II.
[5] Exhibit B.
[6] *Id.* at Answer to Int. No. 1.
[7] *Id.* at "WEBB 000001".
[8] *Id.* at "WEBB 000012".
[9] *Id.* at Answer to Int. No. 20.

3

On August 13, 2025, undersigned counsel took Mr. Webb's deposition. During his deposition, Mr. Webb testified to the following:

- Mr. Webb's current address is 3136 Crest Lane, Lake Charles, Louisiana 70607.[10]

- As of August 13, 2025, Mr. Webb lived at 3136 Crest Lane for a year and a half, including at the time this motor vehicle crash occurred.[11]

- Mr. Webb does not currently maintain any residence in the State of Illinois.[12]

- Mr. Webb considers 3136 Crest Lane his current residence.[13]

- Mr. Webb is currently employed as restaurant manager at Outback Steakhouse in Lake Charles, Louisiana.[14]

- Mr. Webb has been employed as restaurant manager at the Outback in Lake Charles since September of 2024.[15]

- Prior to his employment at Outback, Mr. Webb was employed as a server at Chilis in Lake Charles, Louisiana.[16]

- In April of 2024, Mr. Webb attempted to get his driver's license changed over to Louisiana, but since his license was suspended at the time, Louisiana was unable to do the transference of his driver's license.[17]

---

[10] Exhibit C at p. 9:12-14.
[11] *Id.* at p. 9:15-16.
[12] *Id.* at p. 14:10-11.
[13] *Id.* at p. 14:17-19.
[14] *Id.* at p. 19:9-20.
[15] *Id.*
[16] *Id.* at p. 20:3-8.
[17] *Id.* at p. 33:19-24.

4

- Mr. Webb is residing in Louisiana indefinitely with no set plan on changing his residence:

```
17   Q.   Would you consider the -- your -- the address
18        you're residing at now, your current residence?
19   A.   It's my current residence, yes.
20   Q.   How long do you plan on staying there?
21   A.   I -- it's hard to tell.
22   Q.   Any plans on moving back to Illinois in the near
23        future?
24   A.   Yes, sir.
25        MR. JUSCZAK:

 1             Object to form.  You can answer.
 2   MR. BROWN:
 3   Q.   When do you plan on moving?
 4   A.   I can't tell you that.                          18
```

On September 11, 2025, DoorDash, rather than Mr. Webb, filed the pending Notice of Removal on the basis of Diversity Jurisdiction. Specifically, DoorDash based its removal on their interpretation of Mr. Webb's deposition testimony, citing a "plan to return to Illinois.[19] DoorDash's Notice of Removal fails to mention Mr. Webb's responsive pleadings that were served on DoorDash in state court[20], wherein Mr. Webb admitted to being a domiciliary of Louisiana.

DoorDash had previously filed a Motion to Set Status Conference in the 14th Judicial District Court for purposes of selecting a trial date on June 10, 2025[21]; and on July 8, 2025, the 14th Judicial District Court set this matter for trial on the week of March 23, 2026.[22] DoorDash now seeks removal despite already requesting for and receiving a trial date in state court.

---

[18] Exhibit C at p. 14:17 – p.15:4.
[19] See Document 1-1, Page 9 of 12 at par. XXXVI.
[20] See Document 1 at 1-1 – 1-9.
[21] See Document 6-4, Page 11 of 57.
[22] See Document 6-4 at Page 12 of 57.

5

**Applicable Law:**

When original jurisdiction is based on diversity of citizenship, the cause of action must be between citizens of different States and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A defendant may remove any civil action brought in a state court of which the district courts of the United States when there is diversity jurisdiction. 28 U.S.C. § 1441(a).

**The removing party has the burden of proving federal diversity jurisdiction**. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). A court must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).

**The removal statutes are to be construed strictly against removal and for remand.** *Bosky v. Kroger Tex., LP*, 288 F. 3d 208, 211 (5th Cir. 2002); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Gasch*, 491 F.3d at 281-283; *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno,* 276 F.3d at 723; *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000).

In cases removed from state court, <u>diversity of citizenship must exist both at the time of filing in state court **and** at the time of removal to federal court</u>. *Coury v. Prot*, 85 F.3d 244, 248-249 (5th Cir. 1996). Again, the removing party bears the burden that diversity existed at the time the action commenced, and also, at the time of removal. *Id.* at 251. Again, any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno*, 276 F.3d at 723.

A party's domicile is the place the individual resides and intends to remain. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003). Domicile is evaluated in terms of objective facts. *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980). Words alone may not establish one's domicile. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Instead, the actual fact of residence and the intention of remaining there, as disclosed by a party's entire course of conduct, are the controlling factors in ascertaining a party's domicile. *Id.* As such, <u>statements of intent, either to remain in a previous domicile or to establish a new one, are entitled to little weight if they conflict with the objective facts</u>. *Acridge*, 334 F.3d at 448; *Freeman*, 754 F.2d at 556.

"In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family". *Coury*, 85 F.3d at 251; *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir.) *cert. denied*, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972).

A change in domicile requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely. *Coury*, 85 F.3d at 250. <u>There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established</u>. *Id.* at 251. Some opinions suggest that the burden of persuasion is on the party attempting to show a change of domicile, but the proper rule is that the ultimate burden on the issue of jurisdiction rests with the party who invokes federal jurisdiction. *Coury*, 85 F.3d at 250; *Creel v. Johnson*, 2018 WL 1722390 (W.D. La. 3/12/2018).

**Analysis and Argument:**

I. **DoorDash Has Not Met Its Burden of Demonstrating Diversity of Citizenship in this Matter.**

In this case, the burden of establishing Mr. Webb's domicile at the time of filing **and** at the time of removal is on DoorDash.

   a. **Mr. Webb Admitted to being a Domiciliary of Louisiana when this Lawsuit was Filed.**

In Mr. Fowler's Petition for Damages that was filed on November 15, 2024, Mr. Fowler alleged that Mr. Webb was a citizen of Calcasieu Parish, Louisiana. <u>In his Answer, Mr. Webb admitted that he is domiciled in the State of Louisiana.</u>[23] Mr. Webb's admission alone in his Answer to Mr. Fowler's Petition is prima facie proof that the complete diversity requirement has not and cannot be met. Mr. Webb did not assert that his domicile was Illinois when filing his Answer on March 7, 2025, and he has not amended his Answer at any other point in these proceedings. Further, Mr. Webb himself has never sought removal alleging his domicile is Illinois in these proceedings. Mr. Webb's deposition testimony provided on August 13, 2025, set forth

---

[23] Exhibit A at par. II.

8

his current residence in Louisiana and intent to remain in Louisiana indefinitely, with no definitive plans to relocate. While plaintiff asserts that Mr. Webb has clearly established his residence in Louisiana, and therefore DoorDash cannot meet its burden of establishing diversity jurisdiction, any ambiguities which remain for this Court regarding Mr. Webb's domicile must be strictly construed against a finding of removal. As such, this Court should grant plaintiff's Motion to Remand.

### b. The Objective Facts Establish that Mr. Webb 1) Physically Resides in Louisiana, and 2) Intends to Remain in Louisiana Indefinitely.

It is undisputed that Mr. Webb currently resides in Lake Charles, Louisiana and that he has resided in Lake Charles since January of 2024. Again, as the party invoking federal jurisdiction, it is DoorDash's burden to show that Mr. Webb does not reside in Louisiana and has no intent on remaining in Louisiana indefinitely. To that extent, DoorDash has not met their burden.

As of August 13, 2025, Mr. Webb has resided in Lake Charles for a year and a half. Mr. Webb does not maintain any residence in the State of Illinois. Mr. Webb is currently employed as a restaurant manager at Outback Steakhouse in Lake Charles. When Mr. Webb does get paid by his employer, state taxes are withheld from his paycheck for the State of Louisiana. He does not have any source of employment in the State of Illinois. Importantly, Mr. Webb has no current plans to move from Louisiana.

Still, in its Notice of Removal, DoorDash cites mere "hopefulness" from Mr. Webb's deposition testimony to support an intention to return to Illinois.[24] While DoorDash has set forth a scenario where Mr. Webb has established future plans to return to Illinois to reside with his

---

[24] *See* Document 1-1, Page 9 of 12 at par. XXXIII and par. XXXVI.

partner and minor children, Mr. Webb could not say *when* he plans to return, or even *where* he would go to live, as he did not know his girlfriend's address in Macomb, Illinois:

```
12   Q.   Okay.  Where does Ms. Bowman live now?
13   A.   She currently lives in Macomb, Illinois.
14   Q.   Macomb?
15   A.   Yes.
16   Q.   Do you have her address?
17   A.   I do not have that on me, no, sir.          25
```

DoorDash also mentions Illinois as the state of residence for Mr. Webb's two children, but this has no bearing on the analyses of domicile, especially where Mr. Webb's testimony demonstrated that his children live with his ex-wife in Bloomington, Illinois[26], and he maintains no residence in Illinois.[27] Instead, the facts show that Mr. Webb moved back to his home state of Louisiana to care and provide for his parents, where he maintains employment, receives a paycheck after Louisiana state taxes are withheld, and manages his family's home, which he has done since January 2024 and continues to do so indefinitely.

DoorDash acknowledges its understanding of the applicable law that, "statements of intent are entitled to little weight when in conflict with facts."[28] Here, Mr. Webb's statements suggesting a temporary situation and a desire to eventually return to the state of Illinois are immaterial given the actual fact of Mr. Webb's residence in Louisiana and considering Mr. Webb's entire course of conduct and the numerous factors shedding light on Mr. Webb's intention to remain in Louisiana indefinitely.

---

[25] Exhibit C at p. 15:12-17.
[26] *Id.* at p. 18.
[27] *Id.* at p. 14:10-11.
[28] *See* Document 1-1, Page 7 of 12 at par. XXVIII, *citing Freeman*, 754 F. 2d 553, 555-556.

10

In this case, the only jurisprudential factor DoorDash points to is Mr. Webb producing his current driver's license at the deposition, which was issued by the State of Illinois.[29] However, this was not the first time Mr. Webb produced his current driver's license to the parties in this matter. Mr. Webb previously provided a copy of the same license in his discovery responses dated July 1, 2025. Furthermore, Mr. Webb actually testified that he attempted to get his driver's license changed over to Louisiana in April of 2024 after moving, but since his license was suspended at the time, Louisiana was unable to complete the transference of his driver's license.

II. **Even if this Court were to find that the facts weigh in favor of Mr. Webb's status as an Illinois domiciliary, DoorDash was served with discovery documents from which it could have ascertained this case was removable on <u>July 1, 2025</u>. As such, DoorDash's Notice of Removal is Untimely.**

When the initial pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

Furthermore, <u>discovery documents such as police reports of crashes are used to ascertain domicile and therefore start the ticking of the removal clock</u>. *Jeanmarie v. Indian Harbor Insurance Co. and Lyft Inc.*, 603 F.Supp.3d 364, 371 (E.D. La. 2022). In *Jeanmarie*, the defendant driver was residing in Louisiana and working for Lyft, Inc. *Id.* at 368. Indian Harbor, who provided automobile liability insurance, filed its Notice of Removal after statements at a deposition indicated the defendant driver was at some point in time not a citizen of Louisiana. *Id.* at 371. However, copies of the defendant driver's vehicle registration card showing his address to be in Florida were tendered in discovery responses at least thirty days prior to said deposition. *Id.* at 371. The court remanded the case and stated as follows:

---

[29] Document 1-1, Page 6 of 12 at par. XXV.

[T]hese documents clearly suggest that Roberts (the defendant driver) may have been domiciled outside of Louisiana '**from which Indian Harbor may [have] ascertained' that the case was removable**. Yet Indian Harbor did not file its Notice of Removal until three months later—well beyond the statutory thirty days.

*Id.* at 371.

In this case, Mr. Webb's driver's license, which was issued in the State of Illinois, a copy of the applicable crash report showing Mr. Webb's vehicle was registered in the State of Illinois, and Mr. Webb's current cell phone number, which has an area code of the State of Illinois, have been in DoorDash's possession since July 1, 2025. DoorDash received discoverable documentation "from which [a defendant] may have ascertained that the case was removable." *Jeanmarie*, 603 F.Supp.3d 364, 371 (E.D. La. 2022). These documents indicated that Mr. Webb's domicile may be Illinois. Per the holding in *Jeanmarie*, because these documents were disclosed to DoorDash more than thirty days prior to the filing of its Notice of Removal on September 11, 2025, its Notice of Removal is untimely and plaintiff's Motion to Remand should be granted.

## Conclusion:

For the above-stated reasons, this matter should be remanded to the 14th Judicial District Court, Division "D", in Calcasieu Parish, Louisiana.

Respectfully Submitted:

THE TOWNSLEY LAW FIRM

BY:

*s/ Jackson T. Brown*
JACKSON T. BROWN, LSBA Roll No. 36397
3102 Enterprise Boulevard
Lake Charles, LA 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577
Email: jtbrown@townsleylawfirm.com
Attorney for Plaintiff, Ja'Khurt Fowler

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronically filing system.

*s/Jackson T. Brown*

JACKSON T. BROWN